## Ross Township v. Hanlon

*Brandt, Riester & Brandt,* for plaintiff.

*William H. Markus* and *Robert C. Riethmuller,* for defendant.

NIXON, J., January 29, 1952.—The Pennsylvania Constitution, art. XVI, sec. 8, does not provide the right to appeal from an assessment of benefits where there has been no taking of or damage to the property affected. A sewer assessment is not an act of eminent domain, but is a special tax imposed upon the properties benefited by the improvement. The right of appeal from such assessments is purely statutory, and in these cases this right is granted by section 1945 of the First Class Township Code of June 24, 1931, P. L. 1206, 53 PS §19092-1945.

Since the assessment is a special tax, the code provisions are to be construed in favor of the property owners. Section 1927 provides for notice of a time and place "where the viewers will meet and exhibit their schedules and hear all exceptions thereto." Section 1929 states that "After making whatever changes are necessary (in the schedules), the viewers . . . shall report to the court . . ."

Neither of the sections quoted make the filing of ex-

ceptions to the schedule a prerequisite of the right to appeal and trial by jury of the assessments fixed by the viewers. They merely imply that such exceptions may be filed.

Rule 46(*i*) of the Court of Common Pleas provides that written exceptions must be filed within five days from the date of exhibition of the schedule, but makes no reference to loss of the right to appeal from the report by reason of the failure to file such exceptions.

We are of the opinion that plaintiff's preliminary objections should be dismissed and the appeal allowed.